IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZANTWAN DEVORRIS WORTHY, )
)
        Petitioner, )
)
        v. )    1:12CV1367
)
STATE OF NORTH CAROLINA, )
)
        Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Letter stating that he wishes to challenge a prior state court conviction that was used to enhance his current federal sentence. However, the document he has filed is not a recognizable method for attacking a state court conviction.[1] Instead, the proper avenue for such an attack in this Court is ordinarily a petition for habeas corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

    1.    Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

---

[1] Petitioner is a federal prisoner currently serving a sentence he received in this Court in case 1:07CR127-1. Petitioner has filed a Motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255 in that case, which remains pending. However, to the extent that Petitioner may be seeking to challenge his state conviction as part of his federal case or through the use of a Motion under § 2255, this is not proper unless he claims that the prior state conviction was uncounseled. Daniels v. United States, 532 U.S. 374, 382 (2001). Petitioner does not appear to make any such claim here. If this is correct, Petitioner must challenge his state court convictions in state court or, if unsuccessful in the state courts, through a § 2254 petition in this Court.

2. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner promptly filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[2] To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

Petitioner also requests that the Court appoint counsel to represent him in challenging his state conviction. To the extent that Petitioner needs to make any challenge in the state courts, this Court would not appoint counsel for a state court proceeding. Petitioner would need to pursue the issue of counsel in the state courts. To the extent that Petitioner seeks counsel for an action in this Court, the Court notes that under 28 U.S.C. § 2254 and 18

---

[2] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than challenge to his state conviction or sentence, he should make that clear in any new submission and should not use the § 2254 forms in that instance.

U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 Proceedings for the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Should the Court later determine that discovery or an evidentiary hearing is necessary, or that the interests of justice otherwise require, the Court will appoint counsel at that time.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner promptly filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma*

*pauperis*.

This, the 8th day of July, 2013.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge